IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TODD HAROLD COOPER, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ORDER DENYING MOTION TO VACATE AND CORRECT SENTENCE UNDER 28 U.S.C. § 2255 <br><br><br><br><br> Case No. 1:05-CV-00142 PGC |

Plaintiff Todd Harold Cooper moves the court to vacate and correct his sentence under 28 U.S.C. § 2255 for armed bank robbery and brandishing a firearm (#1).  Mr. Cooper was found guilty by a jury on January 23, 2003 and sentenced to life in prison pursuant to statute.   His conviction was affirmed by the Tenth Circuit on July 19, 2004.  Finally, the Supreme Court denied certioari on November 29, 2004.  He has now filed this § 2255 motion, urging five different grounds for setting aside his conviction,  After review of the facts of Mr. Cooper's case and his sentencing, the court GRANTS Mr. Cooper's motion to supplement his § 2255 motion (#4), and OVERRULES Mr. Cooper's objections to the court's extension order to the government (#8).  The court DENIES Mr. Cooper's § 2255 motion (#1) and DENIES Mr. Cooper's motion for judgment (#7).  The Clerk's Office is directed to close this case.

## BACKGROUND

Mr. Cooper was indicted for bank robbery, 18 U.S.C. §§ 2113 (a),(d), and use of a firearm during a crime of violence, 18 U.S.C. § 924 (c)(1)(A)(ii), on July 26, 2000. After numerous extensions to accommodate Mr. Cooper's repeated requests for change of counsel, a jury trial was then held in October 2002, resulting in a verdict of guilty on both counts.

Before the start of the trial, the government filed a notice of sentencing enhancement for Mr. Cooper's prior convictions. After trial, Mr. Cooper, through counsel, presented his response and objections to the Pre-Sentence Report to the court. The court overruled these objections, finding that Mr. Cooper's criminal history category was V and the total offense level was 37. Given Mr. Cooper's criminal history and the base level of the convicted offense, the court imposed a sentence of life on the bank robbery charge, and 84 months to run consecutive for the use of a firearm charge. The court also imposed 60 month supervised release on count I, and 36 months supervised release on count II.

## DISCUSSION

Mr. Cooper now moves the court, pursuant to 28 U.S.C. § 2255, to vacate and correct his sentence. He provides five grounds[1] upon which he relies, including: (1) the court issued an illegal sentence of life by exceeding the statutory maximum, (2) the court issued an illegal sentence by incorrectly applying U.S.S.G. § 4B1.1, (3) the court violated Mr. Cooper's Sixth Amendment rights by illegally enhancing his sentence, (4) the court violated Mr. Cooper's Fifth

---

[1]Mr. Cooper does indicate in his motion for permission to appeal in forma pauperis (#9) that there are six grounds listed in this § 2255 motion. The court only finds five separate grounds presented by Mr. Cooper.

and Sixth Amendment rights by increasing the statutory maximum using a preponderance of the evidence standard, and (5) that he was provided ineffective assistance of counsel at both the trial and appellate level of his case.  A reconsideration of plaintiff's sentence can only be addressed by this court if it was "imposed in violation of the Constitution or laws of the United States."[2]

   *A.  The Sentence Did Not Exceed the Statutory Maximum*

Mr. Cooper's memorandum in support of his § 2255 motion is both rambling and slightly incoherent, so the court will do its best to decipher Mr. Cooper's arguments and case citations.  Mr. Cooper first "asserts that the sentence on Count 1 . . . of a life sentence . . . is a[] Constitutional sentencing error pursuant to" FED. R. CRIM. P. 52(b), exceeding both the court's authority under the Sentencing Reform Act and the statutory maximum of 18 U.S.C. §§ 2113(a),(d).  Mr. Cooper also asserts that his counsel was ineffective for "failing to raise this issue at the sentencing and on direct appeal."

Mr. Cooper's support on this issue cites the court's opinion in *United States v. Wilson*,[3] which held that "at the time of sentencing, [the court] shall state in open court the reasons for its imposition of the particular sentence, and if the sentence is . . . outside the [guidelines] range . . . the specific reason for the imposition of a sentence different from that described."[4]  Mr. Cooper argues that the court failed to state in open court the reasons for its imposition of the particular sentence, and that the court failed to state its reasons for "exceeding the [guidelines] range of

---

[2] 18 U.S.C. § 2255.

[3] 350 F. Supp. 2d 910, 916 (D. Utah 2005).

[4] *Id*. at 916.

324-405 months."

Prior to trial, on October 15, 2002, the government filed a Notice of Sentencing Enhancement per Established Prior Convictions.[5] The government provided notice that Mr. Cooper was subject to the provisions of 18 U.S.C. § 3559(c), which states "[n]otwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if [] the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of [] 2 or more serious violent felonies." The notice stated that Mr. Cooper had been convicted of at least five "serious violent felony convictions" as defined in 18 U.S.C. § 3559(c)(2)(F). The notice also stated that if Mr. Cooper was convicted of either or both counts in the indictment, he would be subject to the penalty described in 18 U.S.C. § 3559(c), including a mandatory sentence of life imprisonment.

After Mr. Cooper was convicted by a jury of his peers, he and his counsel were provided with the Presentence Report. Mr. Cooper filed a response to the Presentence Report through counsel, and also provided objections to the sentencing enhancement under 18 U.S.C. §§ 3559(c)(1),(4). The court heard oral argument on the issue of whether Mr. Cooper had been properly identified and whether the government had carried its burden showing that the Todd Cooper convicted of the listed previous violent felonies was the same Todd Cooper found guilty in Case No. 1:00-CR-00051 PGC. The government provided certified documents showing prior

---

[5]*United States v. Cooper*, Case No. 2:00-CR-00051 PGC, Docket No. 214 (Oct. 15, 2002).

offenses committed by Todd Cooper, along with extensive police reports in a number of the prior convictions which detailed the events and the identification of Mr. Cooper.  These also included photographs, social security numbers, dates of birth, and court records which identified Mr. Cooper.  Additionally, the government provided the Presentence Reports with respect to two of Mr. Cooper's prior felony convictions, establishing Mr. Cooper's identity as the person who had committed those underlying felonies.  Finally, Mr. Cooper himself represented to the court that there were no material errors and no corrections or additions that needed to be made to the Presentence Report in the case.

     The court found that although Mr. Cooper objected to the career offender status, he had waived his right to challenge the information in the Presentence Report.  Mr. Cooper and his counsel had access to the Presentence Report and failed to challenge the information including his prior serious violent felony convictions.  On that basis alone, the court found ample evidence to conclude that Mr. Cooper was the same Todd Cooper who had been convicted of multiple serious violent felonies.  Independently, the court found that Mr. Cooper had admitted that he was that same Todd Cooper while lodging his Rule 404(b) motions in limine prior to trial.  The court also found that the government had provided ample certified documents showing that Mr. Cooper was that same Todd Cooper.  Finally, the court noted that the probation officer conducted an independent evaluation and had decided that Mr. Cooper was the same Todd Cooper convicted of multiple serious violent felonies.  Given all of these reasons, the court noted that although Mr. Cooper had a criminal history of 37 and a base offense level of V, the sentencing

was "superseded by the mandatory life sentence by statute."[6]

The court explained its reasons in open court, and specifically referenced the mandatory life sentence provided by statute under 18 U.S.C. §§ 3559(c)(1).  Since the court followed the applicable statute, Mr. Cooper's claim that the court "exceeded" its authority under the statutory maximum of 18 U.S.C. §§ 2113(a),(d) and the Sentencing Reform Act of 1984 is unpersuasive.  It is clear that no plain error occurred in this sentence, and Mr. Cooper's arguments regarding the statutory maximum are wholly incorrect.

*B. The Court Correctly Applied U.S.S.G. § 4B1.1.*

Mr. Cooper argues that the appropriate calculation for his Presentence Report base offense level was 34, rather than 37.  Specifically, he argues that the offense statutory maximum is level 34, because 18 U.S.C. §§ 2113(a),(d) "can only be enhanced by statute" and "only allows for an increase in the statutory maximum if it is contained within the statute of the offense."  He further argues that plain error occurred because the court relied on an erroneous Presentence Report, incorrectly raised the statutory maximum, and failed to follow the sentencing guidelines.

The bank robbery statute, 18 U.S.C. § 2113, provides a maximum sentence of twenty-five years imprisonment for a crime including assault, and a punishment of up to life imprisonment or death if a death results from the crime.  Section 4B1.1 of the Sentencing Guidelines states, however, that "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."  Under 18 U.S.C. § 3559(c)(1), Mr. Cooper is accorded a sentence on this serious violent felony of

---

[6]Sentencing Transcript, at 20.

"mandatory life imprisonment" for his separate prior convictions of 2 or more serious violent felonies. Accordingly, the offense statutory maximum becomes "Life" and his offense level was properly found to be 37 according to U.S.S.G. § 4B1.1.

Mr. Cooper fails to also note Application Note 2 of § 4B1.1, which states that the offense statutory maximum "refers to the maximum term of imprisonment authorized for the offense of conviction . . . including any increase in the maximum terms under a sentencing enhancement provision that applies because of the defendant's prior criminal record." Since 18 U.S.C. § 3559(c)(1) provides for such a sentencing enhancement, his arguments are unpersuasive and no plain error in Mr. Cooper's sentence occurred.

*C. Mr. Cooper's Sixth Amendment Rights Were Not Violated When the Issue of His Previous Convictions Was Not Presented to a Jury*

Mr. Cooper argues that this court's failure to present his alleged prior convictions to a jury resulted in an enhanced sentence violating his Sixth Amendment right to a jury trial. He also argues that the court's failure to find his crimes were not part of a common plan or scheme also increased his sentence and violated the Sixth Amendment.

The government provided five different instances in which Mr. Cooper had been convicted of serious violent felonies in its notice of sentencing enhancement. Indeed, the government consolidated his 1988 cases into one single conviction, so by the court's count there are possibly at least six different serious violent felonies on Mr. Cooper's record. It is clear to the court, however, that it had five different serious violent felony convictions to choose from for Mr. Cooper to be accorded a mandatory life sentence. These serious violent felonies occurred in 1981 in California and Utah, 1982 in Oregon, 1988 in Washington and Oregon, and 1990 in

Oregon.

Mr. Cooper fails to discuss the applicable sentencing guidelines that are relevant to his Presentence Report. Even though the Presentence Report failed to consolidate certain incidents, including his escape from state prison, U.S.S.G. § 4B1.1 applied to compute his criminal history category as VI. Regardless of whether some of his convictions should or should not have been grouped together, the court found at least two serious violent felony convictions on Mr. Cooper's record to apply 18 U.S.C. § 3559(c)(1) and make Mr. Cooper eligible for career offender status. And none of these prior convictions were facts that needed to be proved to a jury. In *Booker v. United States*, the Supreme Court specifically "reaffirm[ed its] holding in *Apprendi*; Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."[7] The maximum sentence authorized by the facts, including Mr. Cooper's prior convictions, was mandatory life imprisonment, and therefore his reliance on *Booker* is wholly unavailing. Additionally, the Tenth Circuit recently held that *Booker* does not apply retroactively to 28 U.S.C. § 2255 motions.[8] As such, the court does not find Mr. Cooper's Sixth Amendment arguments regarding his sentence persuasive. No plain error occurred regarding Mr. Cooper's Sixth Amendment right to a jury trial.

*D. Mr. Cooper's Fifth and Sixth Amendment Rights Were Not Violated Based on the Court's Use of the Preponderance of the Evidence Standard*

---

[7] *Booker v. United States*, 125 S.Ct. 738, 756 (2005) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 488 (2000)).

[8] *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005).

Mr. Cooper next argues that the court erred by finding facts based on a preponderance of the evidence standard to enhance his sentence. He asserts that the court violated his Fifth and Sixth Amendment rights because the court's findings based on a preponderance of the evidence allowed him to "be exposed to a penalty exceeding the maximum" he could have received based on the jury verdict alone. Basically, Mr. Cooper makes another *Booker* argument that his sentence was increased based on facts found by a preponderance of the evidence, thereby resulting in certain constitutional violations.

As stated in the previous section, a prior conviction is not a fact that needs to be proven to a jury. Indeed, the Supreme Court stated in *Booker* that it "reaffirm[ed its] holding in *Apprendi*; Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."[9] The court relied on Mr. Cooper's prior convictions, by the proper preponderance of the evidence standard, to find that Mr. Cooper was subject to an enhancement under 18 U.S.C. § 3559(c) and the career offender status in U.S.S.G. § 4B1.1. Mr. Cooper's sweeping constitutional arguments notwithstanding, he has failed to show any plain error in the sentence the court has provided. He has also failed to show any constitutional deficiencies in his sentencing based on current Supreme Court law.

*E. No Ineffective Assistance of Counsel at the District and Appellate Level*

To establish an ineffective assistance of counsel claim, Mr. Cooper must show that his

---

[9]*Booker*, 125 S.Ct. 738, 756 (2005) (citing *Apprendi*, 530 U.S. at 488).

counsel's performance was significantly "deficient and that he was prejudiced by that deficiency."[10]  Under *Strickland v. Washington*,[11] Mr. Cooper must show that his counsel's representation fell below an objective standard of reasonableness to satisfy the first prong.  He must also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[12]  The court looks at an ineffective assistance of counsel claim with "a strong presumption that counsel provided effective assistance of counsel," and Mr. Cooper "has the burden of proof to overcome that presumption."[13]

First, Mr. Cooper argues that his counsel fell below the standard of reasonableness during his appeal.  He specifically offers a statement from the government's brief on appeal which "admonishes the defense counsel for mischaracterizing the record."  With respect to the trial court, Mr. Cooper explains in hindsight as to how his counsel should have tried the case.  Such examples include:  "[F]iling a [F.O.I.A. request] on the F.D.I.C. records" to "discover' that the certificate of insurance for the bank was "manufactured" by the FDIC; "challeng[ing] the jurisdiction to TRY this case," rather than test the sufficiency of the evidence; and making an *Apprendi* type argument regarding the aggravating factors for Mr. Cooper's sentencing.  Mr. Cooper also argues that his counsel failed to object to the Presentence Report at sentencing,

---

[10] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

[11] 466 U.S. 668, 688 (1984).

[12] *Id*. at 694.

[13] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

failed to review the report with Mr. Cooper, failed to advise Mr. Cooper of the importance of the Presentence Report, failed to make objections to the notice of enhancement prior to trial, and failed to challenge the offense statutory maximum, among other contentions.

At this point, the court notes the difficulty of finding an attorney that met with Mr. Cooper's approval.  Although indicted in July of 2000, it took over two years to bring this case to trial.  By the court's count, Mr. Cooper had seven different attorneys, and also represented himself at times.  Mr. Cooper deemed it necessary to proceed pro se only three months before trial, and the court appointed stand-by counsel for Mr. Cooper at that time.  Mr. Cooper often peppered the court with numerous frivolous motions, but he agreed to representation by counsel during his trial.  The analogy to a sinking ship comes to mind, as Mr. Cooper's counsel fought an uphill battle because of the overwhelming evidence of Mr. Cooper's guilt (he was caught in a drunken car crash with the loot bag and mask worn in the bank robbery immediately next to him).

Contrary to the allegations by Mr. Cooper, Mr. Cooper's counsel performed quite admirably during trial.  The majority of Mr. Cooper's discussion appears to be a review of tactical decisions made by counsel to try to win this case.  And other allegations, such as his counsel's alleged failure to either show the Presentence Report to Mr. Cooper or to advise Mr. Cooper about the importance of the Presentence Report, are unpersuasive given the record that was developed at the sentencing hearing that demonstrates Mr. Cooper was in fact advised.  Mr. Cooper also appears intimately familiar with the federal criminal system, based on his previous convictions, and the court finds it highly unlikely that Mr. Cooper did not understand the gravity

of the Presentence Report.  And even if Mr. Cooper could somehow manage to show ineffective assistance of counsel, there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[14]  As such, the court finds that Mr. Cooper's counsel, while presented with very difficult circumstances created by Mr. Cooper himself, was neither deficient, nor did his actions result in any prejudice to Mr. Cooper.  Mr. Cooper's claim for ineffective assistance of counsel is unpersuasive, as his counsel ably attempted to right the sinking ship which was Mr. Cooper's case.

## CONCLUSION

The court GRANTS Mr. Cooper's motion to supplement his § 2255 motion (#4), and OVERRULES Mr. Cooper's objections to the court's extension order to the government (#8). Given the reasoning below, the court DENIES Mr. Cooper's § 2255 motion (#1) and DENIES Mr. Cooper's motion for judgment (#7).  The Clerk's Office is directed to close this case.

SO ORDERED.

DATED this 28th day of March, 2006.

BY THE COURT:

*[signature: Paul Cassell]*
_____
Paul G. Cassell
United States District Judge

---

[14]*Strickland*, 466 U.S. at 694.