IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TODD HAROLD COOPER,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 1:00-cr-00051<br><br>Judge Tena Campbell |

Before the court is Defendant Todd Harold Cooper's pro se Motion for Compassionate Release.  (ECF No. 318.)  In 2003, a jury convicted Mr. Cooper of armed bank robbery in violation of 18 U.S.C. § 2113.  The government sought a life sentence under 18 U.S.C. § 3559(c), which mandates a life sentence for a defendant who "is convicted in a court of the United States of a serious violent felony" and has two or more prior federal or state convictions for "serious violent felonies."  18 U.S.C. § 3559(c)(1)(A)(i).  Because the court found that Mr. Cooper qualified under this three strikes provision, the court imposed a life sentence.[1]  (See Judgment, ECF No. 273.)

Mr. Cooper argues that his sentence is unusually long because he does not have two prior felonies that qualify him for the three strikes provision.  While Mr. Cooper acknowledges that a 1988 conviction for two armed bank robberies in Washington qualifies as a prior conviction for a

---

[1] The court also sentenced Mr. Cooper to an 84-month consecutive term for a separate charge of Brandishing a Firearm during a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (See ECF No. 273.)

1

serious violent felony, he asserts that his only other potential qualifying conviction—for a 1981 California robbery—does not count.  That is so because Mr. Cooper maintains that the "residual clause" in 18 U.S.C. § 3559(c)(2)(F)(ii), which defines a serious violent felony as an offense that, "by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense," is unconstitutional under the reasoning employed by the Supreme Court when the Court rejected as unconstitutionally vague a similarly worded residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii).  See Johnson v. United States, 576 U.S. 591, 606 (2015).  And although the relevant three strikes provision also labels certain enumerated offenses as serious violent felonies, see 18 U.S.C. § 3559(c)(2)(F)(i), Mr. Cooper argues that his California robbery conviction cannot qualify as an enumerated offense under a categorial approach, in which a court looks "only to the fact of conviction and the statutory definition of the prior offense."  Taylor v. United States, 495 U.S. 575, 602 (1990).  As a result, Mr. Cooper suggests that the Supreme Court's Johnson decision is the type of change in law that the court may consider in determining whether an unusually long sentence rises to the level of extraordinary circumstances justifying compassionate release.  See 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13(b)(6).

Mr. Cooper's argument fails both substantively and procedurally.  Substantively, the Tenth Circuit has recently rejected these exact arguments in a motion that Mr. Cooper filed under 28 U.S.C. § 2255.  See United States v. Cooper, 159 F.4th 768 (10th Cir. 2025), petition for cert. filed, Jun. 9, 2026 (No. 25-7551).  Specifically, the Tenth Circuit held that it would have been permissible for the sentencing court to employ a circumstance-specific approach, rather than a categorial approach, to conclude that Mr. Cooper's California robbery conviction was an enumerated offense under 18 U.S.C. § 3559(c)(2)(F)(i).  Id. at 775–76.  And while it was unclear

whether the sentencing court did, in fact, rely on this circumstance-specific approach to the enumerated clause, rather than relying on the arguably unconstitutional residual clause, the Tenth Circuit determined that Mr. Cooper "failed to show by a preponderance of the evidence that 'it was use of the residual clause that led to the sentencing court's enhancement of his sentence.'" Id. at 777 (quoting United States v. Copeland, 921 F.3d 1233, 1242 (10th Cir. 2019)). The Tenth Circuit therefore found that Mr. Cooper "did not show that his life sentence under § 3559(c) has been invalidated by any new rule of constitutional law related to that residual clause." Id. Unless the Supreme Court grants Mr. Cooper's petition for a writ of certiorari and reverses the Tenth Circuit's decision, this court cannot disregard the Tenth Circuit's binding precedent on the issues presented here simply because Mr. Cooper has repackaged them in the context of a motion for compassionate release.

Indeed, this discussion demonstrates why Mr. Cooper's motion is also procedurally improper: as this court has previously noted, "the district court should not consider what is really a motion to vacate, correct, or set aside a sentence under 28 U.S.C. § 2255 as a motion for compassionate release." MacFarlane v. United States, No. 2:23-cr-214-TC, 2025 WL 642877, at *1 n.1 (D. Utah Feb. 27, 2025). Tenth Circuit precedent requires the district court to properly characterize a motion that challenges the validity of a sentence as a claim governed by § 2255:

> When a federal prisoner asserts a claim that, if true, would mean "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," § 2255(a), the prisoner is bringing a claim governed by § 2255. He cannot avoid this rule by insisting he requests relief purely as an exercise of discretion rather than entitlement.

United States v. Wesley, 60 F.4th 1277, 1288 (10th Cir. 2023). And the Supreme Court has recently affirmed this approach. See Fernandez v. United States, 146 S. Ct. 1292, 1307 (2026)

3

("The compassionate release provision is not a vehicle for attacking the validity of a conviction.").

Mr. Cooper argues that he is not attacking the validity of his sentence because he does not claim that his conviction was invalid.  But Mr. Cooper does claim that the sentencing court unlawfully sentenced him to a lifetime term of imprisonment on the basis of a residual clause that should be held unconstitutional given the Supreme Court's decision in Johnson.  This type of collateral attack arguing that the sentencing court incorrectly or unconstitutionally applied the relevant law is exactly the sort of claim that must be brought under § 2255.  See United States v. Elliott, No. 24-8019, 2024 WL 4100574, at *3 (10th Cir. Sept. 6, 2024) (construing a motion for compassionate release as a motion under § 2255 where the defendant argued that his prior conviction was not a qualifying predicate under 18 U.S.C. § 924(c)); United States v. Robertson, No. 25-8073, 2026 WL 983082, at *1 (10th Cir. Apr. 13, 2026) (holding that arguments that the district court ignored potential Guidelines range errors appropriately belonged to a § 2255 action, not a motion for compassionate release).  Indeed, Mr. Cooper first presented this argument in a motion under § 2255.  That action remains pending on a petition for a writ of certiorari, and Mr. Cooper must await the Supreme Court's decision on that petition rather than ask this court to revisit the issue under a different guise.

Outside of his challenge to the three strikes provision, the remaining arguments that Mr. Cooper raises in his motion go to the factors the court must consider under 18 U.S.C. § 3553(a) before granting a motion for compassionate release.  See 18 U.S.C. § 3582(c)(1)(A) (requiring the court to consider the § 3553(a) factors before reducing a term of imprisonment).  But the court need not consider those factors before determining that Mr. Cooper has demonstrated extraordinary and compelling reasons warranting compassionate release.  See Rutherford v.

United States, 146 S. Ct. 1320, 1332 (2026) (noting that a finding of extraordinary and compelling reasons is "gatekeeping requirement" that constitutes a "distinct analytical step" from the court's consideration of the § 3553(a) factors). Accordingly, Mr. Cooper has presented no arguments to demonstrate that extraordinary and compelling reasons warrant his release other than his challenge to the sentencing court's application of the three strikes provision.

The court therefore construes Mr. Cooper's motion for compassionate release as a successive motion under § 2255. And because Mr. Cooper did not first seek certification of a successive motion from the Tenth Circuit, as required by 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), the court must either dismiss the motion or transfer the matter to the Tenth Circuit. See Spitznas v. Boone, 464 F.3d 1213, 1227 (10th Cir. 2006). The court declines to transfer the motion because it would not be in the interests of justice to do so, given that the Tenth Circuit has already issued a ruling on this exact issue. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008) (noting that a district court may transfer a successive § 2255 claim to the circuit court in the interest of justice).

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

The court construes the Defendant's Motion for Compassionate Release (ECF No. 318) as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and DISMISSES the motion for lack of jurisdiction.

DATED this 7th day of August, 2026.

BY THE COURT:

Tena Campbell
United States District Judge